**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-10936
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO DESMOND STONE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-359-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

In Count 1 of a multicount indictment, Antonio Desmond Stone was charged with conspiracy to commit bank fraud and aggravated identity theft. Count 2 of the indictment charged Stone with aiding and abetting Natasha McGruder in committing bank fraud via a counterfeit check drawn on the First Convenience Bank (FCB) account of a customer with the initials MK. Counts 3, 4, and 5 charged Stone with aiding and abetting Eddie Davis, Brandon Francis,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and Meoshia Guidry, respectively, in committing bank fraud via counterfeit checks drawn on the FCB account of a customer with the initials AP. Counts 6 and 7 charged Stone with aiding and abetting McGruder and Guidry in committing aggravated identity theft. Following a trial, a jury convicted Stone on all seven counts. Stone received a 57-month sentence for Counts 1 through 5 and consecutive 24-month sentences each for Counts 6 and 7.

Stone has filed a motion for leave to file an out of time reply brief. Stone has not shown good cause for the tardiness of his reply brief. *See* 5TH CIR. 31.4.3.1. Accordingly, his motion is denied.

Stone concedes on appeal that there was sufficient evidence to sustain his convictions on Counts 1, 2, 5, 6, and 7. He contends, however, that there was insufficient evidence to sustain his conviction with regard to counts 3 and 4 of the indictment. His contention is based on his statement that he had never met either Davis or Francis and an investigator's testimony that both Davis and Francis had stated that they received the checks they cashed from a third party other than Stone. He thus concludes that there is no evidence that he produced the checks cashed by Davis and Francis.

Stone is incorrect. The evidence showed that an FCB employee gave AP's account information to Stone and that Stone used that information to have the telephone number associated with AP's account changed and create a counterfeit check for Guidry to cash. Guidry received the check produced by Stone via a third party named Jabo. Jabo is also the third party who gave Davis the check he cashed on AP's account, and Davis is Guidry's stepfather. These facts allowed a reasonable inference that Stone also produced the check cashed by Davis and that he created a third check that made its way to Francis via yet another third party. Davis and Francis also cashed their counterfeit checks drawn on AP's address merely one day before Guidry cashed the check she had been given. Although the evidence that Stone produced the checks cashed by Davis and Francis is circumstantial, it is evidence nonetheless, and it is given weight equal

2

to direct evidence. *See United States v. Dien Duc Huynh*, 246 F.3d 734, 742 (5th Cir. 2001).

We disagree with Stone's assertion that the evidence supporting his conviction on Counts 3 and 4 gives equal support to his theory of innocence. Viewing the trial evidence in the light most favorable to the Government, and giving great deference to the jury's credibility determinations and its reasonable inferences, a rational jury could have found each of the elements of the offense charged in Counts 3 and 4 beyond a reasonable doubt. *See United States v. McCauley*, 253 F.3d 815, 818 (5th Cir. 2001); *United States v. Dupre*, 117 F.3d 810, 818 (5th Cir. 1997); *United States v. Allison*, 616 F.2d 779, 784 (5th Cir. 1980).

Stone also challenges certain of the sentence enhancements applied in calculating his guidelines sentencing range. He argues that enhancements were improperly applied because the facts supporting the enhancements were not admitted by him or proven to a jury beyond a reasonable doubt. He asserts that the district court found the pertinent facts only by a preponderance of the evidence. Stone was sentenced under an advisory guidelines scheme. His challenges in this regard are thus foreclosed by circuit precedent. *See United States v. Fambro*, 526 F.3d 836, 851 & n.96 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008).

AFFIRMED.